1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBERT B. CRAWFORD;  JENNIFER CRAWFORD,** ) <br> ) <br> **Plaintiffs**, ) <br> ) <br> **v.** ) <br> ) <br> **WELLS FARGO BANK, N.A.;** ) <br> **FEDERAL NATIONAL MORTGAGE** ) <br> **ASSOCIATION; AMERICAN** ) <br> **SECURITIES COMPANY; and the** ) <br> **WOLF FIRM,** ) <br> ) <br> **Defendants.** ) <br> ) | **1:11-CV-1624 AWI SMS** <br><br><br> **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> **Doc. # 7** |

On November 2, 2011, plaintiffs Robert B. Crawford and Jennifer Crawford ("Plaintiffs") filed their amended complaint in this action to "Enjoin Nonjudicial Foreclosure Sale."  Plaintiffs' first amended complaint ("FAC")  appears to be a fill-in-the-blank document that alleges a general set of facts that have mostly to do with loan bundling and securitization, and alleges nine "Counts."  The "Counts" allege generalized legal propositions without reference to any legal statute or case authority.  There is no mention anywhere in the FAC of any federal enactment, case authority referencing federal law or constitutional provision or right.  The body of the FAC lists only one defendant, Wells Fargo Bank, and alleges that Wells Fargo Bank is a corporation organized under the laws of the State of California.

A federal court has subject matter jurisdiction over an action that either arises under

federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926); Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001).

The court has reviewed the document designated as Plaintiffs' First Amended Complaint and finds there are no allegations contained therein that, if true, would establish this court's jurisdiction.  Plaintiffs and Wells Fargo Bank are citizens of the same state - California - and there are no allegations or claims for relief that identify any basis in federal law.  Because no basis for the court's jurisdiction can be found on the face of the complaint, the court is required to dismiss the action on its own motion.  Id.  The court finds the defect in Plaintiffs' pleading could be cured by amendment.  Leave will therefore be given to file an amended complaint.


THEREFORE, it is hereby Ordered that Plaintiff's First Amended Complaint is hereby DISMISSED in its entirety as to all Defendants.  Any amended complaint shall be filed and served within twenty-eight (28) days of the date of service of this order.  If no amended complaint is filed, Defendants shall notify the court of same and the court will order the case closed.  Defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby DENIED as moot.

IT IS SO ORDERED.

Dated:   May 30, 2012

CHIEF UNITED STATES DISTRICT JUDGE